**Jody GORRAN, Plaintiff–Appellant,**

v.

**ATKINS NUTRITIONALS, INC. and Paul D. Wolf, Solely in his Representative Capacity as Co–Executor of the Estate of Robert C. Atkins, M.D., Defendants–Appellees.**

No. 07–0120–cv.

United States Court of Appeals, Second Circuit.

May 22, 2008.

Daniel Kinburn, Physicians Committee for Responsible Medicine, Washington, D.C., for Appellant.

Thomas A. Leghorn, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY, for Atkins Nutritionals, Inc.

Alan Mansfield, Greenberg Traurig, LLP (William A. Wargo, on the brief), New York, NY, for Paul D. Wolf.

Present: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Hon. J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Jody Gorran appeals from the December 12, 2006 order of the United States District Court for the Southern District of New York (Chin, J.), granting Atkins Nutritionals, Inc. ("ANI") and Paul D. Wolf, solely in his representative capacity as co-executor of the estate of Robert C. Atkins, M.D. (collectively, the "defendants"), judgment on the pleadings dismissing the complaint. Gorran appeals the judgment solely with respect to his claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). We presume the parties' familiarity with the underlying facts and procedural history of this case.

Gorran contends that defendants have violated FDUTPA by (1) promoting the low-carbohydrate Atkins diet and related products as "safe for all customers"; (2) "[f]ailing to give adequate warnings about the adverse health consequences of a high-fat diet"; and (3) "[c]laiming that the diet was 'fool-proof' and a guaranteed success when they well knew that there would be people for whom the diet would not be safe." Pl. Br. at 12. In addition to damages in the amount of $40.45—the cost of the 1999 and 2002 editions of *Dr. Atkins' New Diet Revolution,* authored by Robert C. Atkins, M.D. (the "Book"), plus $25 worth of ANI products, including protein bars, pancake mix, and pancake syrup— Gorran seeks an injunction requiring defendants to put a warning on all Atkins-related books, websites, and products. Gorran's claim fails because, as the district court held, Atkins' advice and ideas are noncommercial speech, fully protected by the First Amendment of the United States Constitution. *See Gorran v. Atkins Nutritionals, Inc.,* 464 F.Supp.2d 315, 326–29 (S.D.N.Y.2006).

The Supreme Court has recognized that "[t]here are commonsense differences between speech that does no more than propose a commercial transaction and other varieties." *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 771 n. 24, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) (internal quotations and citation omitted). In this case, the Book and website Gorran alleges are misleading are not "expression[s] related solely to the economic interests of the speaker and its audience," *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.,* 447 U.S. 557, 561, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), but instead seek to communicate a particular view on health, diet, and nutrition, with an offer to purchase the message. Although the website contains commercial elements of speech— for example, it allows subscribers to browse and purchase products—Gorran does not allege that these elements were the source of his deception. *Cf. Bad Frog Brewery v. New York State Liquor Auth.,*

---

* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

134 F.3d 87, 97 (2d Cir.1998) (concluding that commercial speech with "purported noncommercial message" was still entitled to protection under *Central Hudson*). Rather, he claims that "but for Atkins' misrepresentations [about the health risks of the diet], [he] never would have purchased any of Atkins' products." Pl. Br. at 12. We therefore agree with the district court that the content on which Gorran seeks to premise liability is noncommercial speech, barring his claim under FDUTPA.

To the extent Gorran challenges the district court's conclusions that defendants' conduct was not unfair or deceptive and his alleged damages are not recoverable under FDUTPA, we need not address the merits of these claims because our determination that the speech at issue is constitutionally protected provides an independent and sufficient basis for affirming the dismissal of Gorran's complaint.

We have considered Gorran's remaining arguments and hold them to be without merit. For the reasons discussed, the judgment of the district court is AFFIRMED.